DETJEN, J.
*938 INTRODUCTION
James Tilton Ruff (defendant) stands convicted, following a jury trial, of second *706 degree robbery. (Pen. Code, § 212.5, subd. (c) ; see id. , § 211.)[1] He was found to have served multiple prior prison terms. (§ 667.5, subd. (b).) On September 18, 2013, he was sentenced to five years in prison for the robbery, plus a consecutive one-year term for two of the enhancements, for a total of seven years.[2]
On November 4, 2014, voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (Proposition 47 or the Act), which went into effect the next day. (People v. Rivera (2015) 233 Cal.App.4th 1085, 1089, 183 Cal.Rptr.3d 362.) The Act reduced certain felony or wobbler drug- and theft-related offenses to misdemeanors, unless committed by an ineligible defendant. (People v. Lynall (2015) 233 Cal.App.4th 1102, 1108, 183 Cal.Rptr.3d 129 ; see § 1170.18, subd. (i).) Insofar as is pertinent here, it also provided a mechanism by which a person who had completed his or her sentence for a conviction of a felony that was made a misdemeanor by the Act, could apply to the trial court that entered the judgment of conviction and have the felony offense designated as a misdemeanor. (§ 1170.18, subds. (f), (g).) While defendant's appeal was pending, the conviction underlying one of the prior prison term enhancements imposed in the current case was designated a misdemeanor under the Act.
In the published portion of this opinion, we hold that a previously imposed sentence enhanced by a section 667.5, subdivision (b) prior prison term is not altered by the granting of a Proposition 47 application reducing the felony that gave rise to that prior prison term to a misdemeanor. The Act does not so operate retroactively. In the unpublished portion, we conclude defendant is not entitled to reversal based on instructional error or juror misconduct. Accordingly, we affirm.
*939 FACTS**
DISCUSSION
I-II**
III
PROPOSITION 47'S EFFECT ON PRIOR PRISON TERM ENHANCEMENTS
A. Background
The information in this case alleged, and the trial court found, defendant had suffered the following enhancements under section 667.5, subdivision (b):
*707 - A conviction for violating Health and Safety Code section 11377, subdivision (a), suffered on or about March 8, 2007, in Kern County Superior Court case No. BF116218A.
- A conviction for violating section 69, suffered on or about March 8, 2007, in Kern County Superior Court case No. BF115630A.
- A conviction for violating Health and Safety Code section 11377, subdivision (a), suffered on or about July 6, 2010, in Kern County Superior Court case No. SF015607A.
- A conviction for violating Health and Safety Code section 11377, subdivision (a), suffered on or about January 6, 2012, in Kern County Superior Court case No. SF016331A.
- A conviction for violating Health and Safety Code section 11377, subdivision (a), suffered on or about October 31, 2012, in Kern County Superior Court case No. BF143806A.
*940 Defendant was sentenced on September 18, 2013. At sentencing, the court found defendant served a single prison term in cases Nos. BF116218A and BF115630A. Accordingly, it struck the punishment as to case No. BF116218A, and imposed a one-year term, pursuant to section 667.5, subdivision (b), for case No. BF115630A. It explained that case No. BF115630A was a conviction for violating section 69, and so involved some sort of violence. The court also imposed an additional one-year term, pursuant to section 667.5, subdivision (b), for defendant's prior conviction in case No. SF016331A, but struck the punishment for defendant's prior convictions in cases Nos. SF015607A and BF143806A. The court explained it felt a seven-year total term was a just punishment under the circumstances of the case, and in light of defendant's mental health issues.
Proposition 47 went into effect on November 5, 2014. (Cal. Const., art. II, § 10, subd. (a).) On December 18, 2014, defendant filed petitions under section 1170.18 in cases Nos. BF116218A, BF143806A, SF015607A, and SF016331A.
On April 6, 2015, the trial court granted defendant's petitions.[7] As relevant here,[8] the trial court reclassified the conviction in case No. SF016331A as a misdemeanor *708 "for all purposes." It expressly ordered no further parole or sentence modification.
The issue before us is whether the additional one-year term imposed by the trial court pursuant to section 667.5, subdivision (b), for defendant's prior *941 conviction in case No. SF016331A must now be stricken because, subsequent to defendant's September 18, 2013, sentencing, that prior conviction was reduced to a misdemeanor pursuant to section 1170.18, subdivision (f). Defendant says it must. The Attorney General disagrees, as do we.[9]
B. Analysis
Section 1170.18, enacted as part of Proposition 47, provides in pertinent part:
"(f) A person who has completed his or her sentence for a conviction ... of a felony ... who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.
"(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."
Defendant was convicted, in case No. SF016331A, of possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a). At the time, the offense was a "wobbler," meaning it could be a felony or a misdemeanor, depending on the punishment imposed. (Former Health & Saf. Code, § 11377, subd. (a) ; see § 17, subd. (a).) As defendant served a prison term for the offense, it was classified as a felony. (See § 17, subd. (b).) Post-Proposition 47, Health and Safety Code section 11377, subdivision (a) is a misdemeanor, punishable "by imprisonment in a county jail for a period of not more than one year," unless the *942 offender has certain specified prior convictions.[10] According to the probation officer's report, defendant has no such prior convictions, and the Attorney General does not claim otherwise. Thus, had the Act been in effect at the time defendant committed the violation of *709 Health and Safety Code section 11377, subdivision (a) for which he was convicted in case No. SF016331A, he could only have been convicted of a misdemeanor.
Subdivision (k) of section 1170.18, provides in pertinent part:
"Any felony conviction that is ... designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."[11]
Defendant argues his conviction in case No. SF016331A is now "a misdemeanor for all purposes" except certain firearm restrictions. (§ 1170.18, subd. (k).) He cites to People v. Park (2013) 56 Cal.4th 782, 156 Cal.Rptr.3d 307, 299 P.3d 1263 (Park ) and says, "when a wobbler has been reduced to a misdemeanor ... the prior conviction does not constitute a prior felony conviction within the meaning of section 667[, subdivision ](a)."
In Park, the defendant's sentence for his current crimes was enhanced by five years under section 667, subdivision (a), based on his prior conviction of a serious felony. Prior to the defendant's commission of his current crimes, however, the trial court reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (Park, supra, 56 Cal.4th at p. 787, 156 Cal.Rptr.3d 307, 299 P.3d 1263.)
Section 17, subdivision (b)(3) states in part, "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail ..., it is a misdemeanor for all purposes ... [¶] ... [¶] ... [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation ... declares the offense to be a misdemeanor."
In Park, the Court of Appeal held the conviction remained a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), but the California Supreme Court disagreed: "[W]hen the court in the *943 prior proceeding properly exercised its discretion by reducing the ... conviction to a misdemeanor, that offense no longer qualified as a prior serious felony within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (Park, supra, 56 Cal.4th at p. 787, 156 Cal.Rptr.3d 307, 299 P.3d 1263, first italics added.)
Defendant's reliance on Park is misplaced. In Park, the reduction and dismissal occurred prior to the defendant's commission of his current crimes. (Park, supra, 56 Cal.4th at p. 787, 156 Cal.Rptr.3d 307, 299 P.3d 1263.) Here, the reduction to a misdemeanor pursuant to section 1170.18, subdivision (f), occurred after defendant's commission, conviction, and sentence for his current crimes. In Park, in response to an argument that People v. Feyrer (2010) 48 Cal.4th 426, 106 Cal.Rptr.3d 518, 226 P.3d 998 and People v. Banks (1959) 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102 were contrary to its conclusion, the court stated: "There is no dispute that, under the rule in those cases, defendant would be subject to the section 667[, subdivision ](a) enhancement had he committed and been convicted of the present *710 crimes before the court reduced the earlier offense to a misdemeanor." (Park, supra, 56 Cal.4th at p. 802, 156 Cal.Rptr.3d 307, 299 P.3d 1263.)
The issue before us is not whether defendant's conviction and prison commitment in case No. SF016331A can now be used to enhance a future sentence pursuant to section 667.5, subdivision (b), should defendant commit a new felony upon release from prison on his current sentence. The issue is whether defendant's current sentence, enhanced pursuant to section 667.5, subdivision (b), must now be altered because, subsequent to defendant's sentencing, the conviction that gave rise to that enhancement was reduced to a misdemeanor pursuant to section 1170.18, subdivision (f). In other words, does the Act operate retroactively? To make that determination, we look to the language of section 1170.18 and to voter intent.
Section 3 specifies that no part of the Penal Code "is retroactive, unless expressly so declared."[12] This language "erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] ... must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed ... to be unambiguously prospective." ' [Citation.]" (People v. Brown (2012) 54 Cal.4th 314, 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)
*944 An "important, contextually specific qualification" to the prospective-only presumption regarding statutory amendments was set forth in In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (Estrada ). (People v. Brown, supra, 54 Cal.4th at p. 323, 142 Cal.Rptr.3d 824, 278 P.3d 1182.) That qualification is: "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (Ibid. fn. omitted.)
Although Estrada 's language is broad, the California Supreme Court has emphasized the rule's narrowness (People v. Hajek and Vo (2014) 58 Cal.4th 1144, 1196, 171 Cal.Rptr.3d 234, 324 P.3d 88 ): " Estrada is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative [or voter] act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments. [Citation.]" (People v. Brown, supra, 54 Cal.4th at p. 324, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)
The question of retroactivity is ultimately one of legislative-or, in this case, voter-intent. (People v. Shabazz (2015) 237 Cal.App.4th 303, 312-313, 187 Cal.Rptr.3d 828 ; see People v. Nasalga (1996) 12 Cal.4th 784, 793, 50 Cal.Rptr.2d 88, 910 P.2d 1380.) "To resolve this very specific *711 retroactivity question, we apply the well[-]settled rules governing interpretation of voter intent[.]" (People v. Shabazz, supra, 237 Cal.App.4th at p. 313, 187 Cal.Rptr.3d 828.) " 'In interpreting a voter initiative ..., we apply the same principles that govern statutory construction. [Citation.] Thus, ... "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] ... The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] ... When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (Robert L. v. Superior Court (2003) 30 Cal.4th 894, 900-901, 135 Cal.Rptr.2d 30, 69 P.3d 951.)[13] *945 The Act clearly was intended to lessen punishment for "nonserious, nonviolent crimes like petty theft and drug possession" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70)[14] , in order "to ensure that prison spending is focused on violent and serious offenses...." (Voter Information Guide, Gen. Elec., supra, text of Prop. 47, § 2, p. 70). This purpose was conveyed to voters, both in the text of the then-proposed law and in the arguments supporting Proposition 47. (Voter Information Guide, Gen. Elec., supra, argument in favor of Prop. 47, p. 38; id. rebuttal to argument against Prop. 47, p. 39; id. text of Prop. 47, §§ 2, 3, p. 70.)
Nowhere, however, do the Act or the ballot materials reference section 667.5, subdivision (b) or mention recidivist enhancements, and the Act made no amendments to any such provisions. Two of the Act's expressly stated purposes, however, are to "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses" that would be made misdemeanors by the Act, and to "[r]equire a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety." (Voter Information Guide, Gen. Elec., supra, text of Prop. 47, § 3, subds. (4), (5), p. 70, italics added.) Voters were assured the Act would keep dangerous criminals locked up (Voter Information Guide, Gen. Elec., supra, argument in favor of Prop. 47, p. 38), and that it would not require automatic release of anyone: "There is no automatic release. [Proposition 47] includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (Id. rebuttal to argument against Prop. 47, p. 39.)
*712 "Imposition of a sentence enhancement under ... section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (People v. Tenner (1993) 6 Cal.4th 559, 563, 24 Cal.Rptr.2d 840, 862 P.2d 840.)[15] "Sentence enhancements for prior prison terms are based on *946 the defendant's status as a recidivist, and not on the underlying criminal conduct, or the act or omission, giving rise to the current conviction. [Citations.]" (People v. Gokey (1998) 62 Cal.App.4th 932, 936, 73 Cal.Rptr.2d 134, italics added; see People v. Coronado (1995) 12 Cal.4th 145, 158-159, 48 Cal.Rptr.2d 77, 906 P.2d 1232 ; People v. Dutton (1937) 9 Cal.2d 505, 507, 71 P.2d 218.) Thus, the purpose of an enhancement under section 667.5, subdivision (b) "is 'to punish individuals' who have shown that they are ' "hardened criminal[s] who [are] undeterred by the fear of prison." ' [Citation.]" (In re Preston (2009) 176 Cal.App.4th 1109, 1115, 98 Cal.Rptr.3d 340.) The enhancement's focus on the service of a prison term "indicates the special significance which the Legislature has attached to incarceration in our most restrictive penal institutions." (People v. Levell (1988) 201 Cal.App.3d 749, 754, 247 Cal.Rptr. 489.)
A person who refuses to reform even after serving time in prison is clearly and significantly more dangerous than someone who merely possesses drugs for personal use or shoplifts. We cannot conclude, from the language of the Act or the ballot materials, that voters deemed such persons to be nonserious, nondangerous offenders, and so intended the Act to reach back to ancillary consequences such as enhancements resulting from recidivism considered serious enough to warrant additional punishment. Accordingly, section 3's default rule or prospective operation, and not Estrada 's narrow rule of retroactivity, applies.
People v. Flores (1979) 92 Cal.App.3d 461, 154 Cal.Rptr. 851 (Flores ) does not lead to a different result. In that case, the defendant was convicted in 1966 for possessing marijuana. In 1977, he sold heroin. His sentence for the 1977 offense was enhanced by one year, pursuant to section 667.5, because of his 1966 conviction. (Flores, supra, at pp. 464, 470, 154 Cal.Rptr. 851.) On appeal, the defendant claimed the enhancement was improper under Estrada, because Health and Safety Code section 11357 was amended, in 1975, to make possession of marijuana a misdemeanor. ( *713 Flores, supra, at p. 470, 154 Cal.Rptr. 851.) In agreeing with the defendant, the appellate court stated:
"The amendatory act imposing the lighter sentence for possession of marijuana can obviously be applied constitutionally to prevent the enhancement of a new sentence by reason of a prior conviction of possession.
*947 Moreover, in the case at bench we are not confronted by legislative silence with respect to its purpose regarding penalties for possession of marijuana.
"Effective January 1, 1976, Health and Safety Code section 11361.5, subdivision (b) was enacted to authorize the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976. [Citation.] In 1976, [Health and Safety Code] section 11361.7 was added to provide in pertinent part that: '(a) Any record subject to destruction ... pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person .... (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5... on or after the date the records ... are required to be destroyed ... or two years from the date of such conviction ... with respect to ... convictions occurring prior to January 1, 1976....' [Citation.] ( [Original italics].)" (Flores, supra, 92 Cal.App.3d at pp. 471-472, 154 Cal.Rptr. 851.)
The appellate court found the statutory language clear and unambiguous. (Flores, supra, 92 Cal.App.3d at p. 472, 154 Cal.Rptr. 851.) It concluded: "In view of the express language of the statute and the obvious legislative purpose, it would be unreasonable to hold that the Legislature intended that one who had already served a felony sentence for possession of marijuana should be subjected to the additional criminal sanction of sentence enhancement." (Id. at p. 473, 154 Cal.Rptr. 851.) The court found the new laws constituted "a legislative declaration that the old laws were too severe for the quantum of guilt involved" (ibid. ), and distinguished a situation in which the California Supreme Court refused to give retroactive effect to an amendment to section 17 (Flores, supra, at p. 473, 154 Cal.Rptr. 851 ) in part because "[t]here was no suggestion there, as there is here, that the Legislature intended retroactive application" (id. at p. 474, 154 Cal.Rptr. 851 ).
In Flores, as in Park, and in contrast to the present case, the current offense was committed after the earlier offense was reduced to a misdemeanor. Moreover, the Act contains no clear expression with respect to retroactivity as was found in Flores. The closest it gets is the statement, in subdivision (k) of section 1170.18, that "[a]ny felony conviction that is ... designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except [specified firearm laws]." (Italics added.)
*948 This language, the italicized portion of which is identical to that contained in section 17, subdivision (b), is not necessarily conclusive, however. (Park, supra, 56 Cal.4th at pp. 793, 794, 156 Cal.Rptr.3d 307, 299 P.3d 1263.) It has not been read *714 to mean a defendant could avoid an imposed sentence enhancement in his current sentence by having the prior offense subsequently reduced to a misdemeanor. (Id. at p. 802, 156 Cal.Rptr.3d 307, 299 P.3d 1263.) Nothing in the language of the Act or the ballot materials indicates an intention to override the operation of section 667.5, subdivision (b), at least retroactively.
Defendant served a prison term for the prior conviction at a time the offense was a felony. It is the service of that prison term, coupled with defendant's continuing recidivism, that section 667.5, subdivision (b) punishes. Absent a clear statement of the electorate's intent to the contrary-which we do not find-we conclude that, because defendant served a prison term for his conviction in case No. SF016331A at a time when the offense was a felony, and had his current sentence enhanced accordingly before the conviction was reduced, he is not entitled to relief.[16]
This conclusion does not render surplusage the "for all purposes" language of section 1170.18, subdivision (k). Our determination is one of the electorate's intent. "Rules such as those directing courts to avoid interpreting legislative enactments as surplusage are mere guides and will not be used to defeat legislative intent. [Citations.]" (People v. Cruz (1996) 13 Cal.4th 764, 782, 55 Cal.Rptr.2d 117, 919 P.2d 731.) Moreover, "ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent. [Citation.]" (Id. at p. 783, 55 Cal.Rptr.2d 117, 919 P.2d 731.)
Nor does our conclusion violate principles of equal protection. " 'The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' " [Citation.] "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " [Citation.]' [Citations.]" (People v. Losa (2014) 232 Cal.App.4th 789, 792-793, 181 Cal.Rptr.3d 682.)
Defendant fails to convince us someone who served a prison term for a felony and had his or her subsequent sentence enhanced therefor while the *949 prior offense was a felony, is similarly situated to someone whose prior conviction was reduced to a misdemeanor before it was used to enhance his or her current sentence.[17] In any event, it is settled that "[t]he right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law. '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.' [Citation.] The same rule applies to changes in sentencing law that benefit defendants." (People v. Lynch (2012) 209 Cal.App.4th 353, 359, 146 Cal.Rptr.3d 811.) *715 DISPOSITION
The judgment is affirmed.
WE CONCUR:
GOMES, Acting P.J.
POOCHIGIAN, J.

All statutory references are to the Penal Code unless otherwise stated.

The trial court struck the punishment on the other prior prison term enhancements.
Case No. BF146935A is defendant's conviction from which he appeals. Cases Nos. BF142935A, BF143806A, and SF016996A are separate convictions. Defendant was found in violation of probation in each of those cases based on his commission of robbery in case No. BF146935A. The trial court imposed concurrent sentences in each of those cases. Subsequent to his appeal in case No. BF146935A, defendant petitioned this court for an order adding cases Nos. BF142935A, BF143806A, and SF016996A to his appeal. That petition was granted. Subsequently, the trial court, on application of defendant pursuant to section 1170.18, subdivision (f), reduced those separate convictions to misdemeanors and struck all section 667.5, subdivision (b) allegations. In each of those cases, the trial court sentenced defendant to one year, all to run concurrently, and gave him credit for one year. Defendant does not challenge the ruling in those cases on appeal.

See footnote *, ante.

The petitions/applications were ruled on by a different judge than presided over trial and imposed sentence in defendant's current robbery case. (See § 1170.126, subd. (j).)

In his supplemental opening and reply briefs, defendant states the trial court imposed enhancements in case No. BF146935A based on allegations three and five, i.e., cases Nos. SF015607A and BF143806A. Defendant has misread the record. At pages 457 and 458 of the reporter's transcript, the trial court stated: "Now, with regards to the sentencing enhancements pursuant to [section] 667.5[, subdivision ](b), there were five. I'm going to-with regards to the first one alleged, that's BF116218A, although, I did find he did serve a separate prior prison term. That apparently is not the case based on my review of the probation report or the re-review of the evidence. [¶] He did serve the same-it was the same prison term he served in the second prior alleged in BF115630A which was the [section] 69, so I'm going to strike the punishment for the BF116218A on the basis it's not ... actually a separate prior prison term as which is BF115630 which I will impose a one[-]year term, an additional term pursuant to [section] 667.5[, subdivision ](b) for his prior conviction in that matter. It was a [section] 69 offense and it did involve some sort of violence. I'm also going to impose another additional one[-]year term pursuant to [section] 667.5[, subdivision ](b) for ... SF016331A, and that was a drug conviction that he did serve a prior separate prison term for, and I'm going to strike the punishment for the third alleged prior conviction SF015607A, and the fifth BF143806A.... [¶] The punishment for those two prior convictions as well, the third alleged and the fifth alleged prior convictions. I'm going to strike the punishment."
As defendant recognizes, Proposition 47 had no impact on section 69, for which defendant was convicted in case No. BF115630A. Accordingly, the one-year enhancement imposed, pursuant to section 667.5, subdivision (b), is not affected by Proposition 47.

The Attorney General contends defendant has forfeited his argument because he did not raise it in the lower court. The Attorney General says: "[Defendant's] petition for recall of his sentence below did not mention the section 667.5, subdivision (b), enhancements imposed in his case. [Citation.] Neither he nor his appointed counsel challenged the enhancements at the lower court hearing. [Citation.] He never invoked section 1170.18, subdivision (f), to seek reclassification of any of his prior felony convictions." To the contrary, defendant's petitions in cases Nos. BF116218A, SF015607A, and SF016331A all expressly requested that his felony convictions be reduced to misdemeanors under section 1170.18, subdivisions (f) and (g). More importantly, defendant had already filed his notice of appeal, and his appeal was pending, in the case in which the section 667.5, subdivision (b) enhancements were imposed. While the lower court had jurisdiction to rule on defendant's section 1170.18 applications, it had no jurisdiction to alter the sentencing imposed in defendant's current robbery case while that case was on appeal. (People v. Alanis (2008) 158 Cal.App.4th 1467, 1472-1473, 71 Cal.Rptr.3d 139 & cases cited; cf. People v. Superior Court (Gregory) (2005) 129 Cal.App.4th 324, 331-332, 28 Cal.Rptr.3d 276.) Thus, it would have been futile for defendant to challenge the enhancements in the hearing on his applications. Accordingly, we reject the Attorney General's claim of forfeiture.

The prior convictions enumerated in the statute are "for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code." (Health & Saf. Code, § 11377, subd. (a).)

The specified statutes contain restrictions and prohibitions on firearm possession for certain persons.

Defendant asserts section 1170.18 "explicitly provides for retroactive relief," but then merely points to the language of subdivision (k), that any felony conviction designated as a misdemeanor "shall be considered a misdemeanor for all purposes," and asserts there is no language in the statute precluding the striking of the prior conviction used to enhance his sentence.

The Attorney General contends the words of section 1170.18, subdivisions (f) and (g), "operate[ ] as the functional equivalent of a savings clause giving Proposition 47 prospective-only application." (See Estrada, supra, 63 Cal.2d at pp. 747-748, 48 Cal.Rptr. 172, 408 P.2d 948.) She cites to People v. Noyan (2014) 232 Cal.App.4th 657, 672, 181 Cal.Rptr.3d 601. The appellate court in Noyan, however, in a response to the defendant's argument Proposition 47 applied retroactively to his case and so his Health and Safety Code section 11350 convictions should be reduced from felonies to misdemeanors, simply held the defendant was limited to the statutory remedy of petitioning for recall of sentence in the trial court once his judgment was final. In our view, the provisions of section 1170.18, subdivisions (f) and (g) tell us nothing about the voters' intent with respect to the issue presented in this appeal.

The voter guide can be accessed at < http://vigarchive.sos.ca.gov/2014/general/en/pdf/> [as of Feb. 10, 2016].

Section 667.5, subdivision (b) currently provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended. A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

We are not presented with a situation in which there is some constitutional infirmity in the prior conviction. (See, e.g., People v. Sumstine (1984) 36 Cal.3d 909, 914, 206 Cal.Rptr. 707, 687 P.2d 904.)

Were we to find the two were similarly situated, we would conclude the applicable rational relationship test was satisfied. (See People v. Yearwood (2013) 213 Cal.App.4th 161, 178-179, 151 Cal.Rptr.3d 901.)