Filed 3/21/16  P. v. Cisneros CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY MANUEL CISNEROS,<br><br>    Defendant and Appellant. | 2d Crim. No. B263694<br>(Super. Ct. No. 2012023176)<br>(Ventura County) |

Anthony Manuel Cisneros appeals from an order denying his petition to recall his felony sentence and strike a one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b).[1]  The petition was filed pursuant to section 1170.18, which was added to the Penal Code by Proposition 47.  The underlying offense for the prior prison term was a felony when appellant was sentenced.  It was subsequently reduced to a misdemeanor pursuant to section 1170.18.  We affirm because section 1170.18 does not authorize the striking of appellant's prior prison term enhancement.

*Procedural Background*

In November 2013 appellant pleaded guilty to the felony offense of evading a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)) and the misdemeanor offense of hit-and-run driving.  (*Id*., § 20002, subd. (a).)  He admitted two prior prison term

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

enhancements.  (§ 667.5, subd. (b).)  The underlying felony for one of the prior prison terms was a 2009 conviction of possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a).

In March 2014 the trial court sentenced appellant to prison for four years: two years for evading a pursuing peace officer plus one year for each of the two prior prison terms.  For misdemeanor hit-and-run driving, the court imposed a concurrent term of 180 days in the county jail.

When appellant was sentenced in March 2014, a violation of Health and Safety Code section 11377, subdivision (a) was an alternate felony-misdemeanor, also known as a "wobbler."  The passage of Proposition 47 in November 2014 made the offense a straight misdemeanor unless the defendant has one or more prior convictions of specified serious felonies, which appellant does not have.

In March 2015 the trial court granted appellant's petition to reduce to a misdemeanor his 2009 felony conviction of violating Health and Safety Code section 11377, subdivision (a).  The petition was pursuant to section 1170.18, subdivisions (f) and (g), which apply when the petitioner has completed his sentence for a felony conviction that would have been a misdemeanor under Proposition 47.

In April 2015 appellant filed a petition requesting that his 2014 felony sentence be recalled and "reduced from four years to three years because one of his prison priors is based on a conviction that has been reduced to a misdemeanor for all purposes."[2]  Since the prior conviction is no longer a felony, appellant argued that "the one-year term for the prison prior is now unauthorized."  (See *People v. Tenner* (1993) 6 Cal.4th 559, 563 ["Imposition of a sentence enhancement [for a prior prison term] under Penal Code section 667.5 requires proof that the defendant . . . was previously convicted of a felony"].)  Appellant alleged that his petition was pursuant to section 1170.18, subdivision (a), which applies when the petitioner is currently serving a sentence for a

---

[2] Section 1170.18, subdivision (k) provides in relevant part: "Any felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes . . . ."

felony conviction that would have been a misdemeanor under Proposition 47. The trial court denied the petition without explanation. There is no reporter's transcript.

*Discussion*

In his opening brief appellant contends: "[T]he Superior Court erred in denying a petition to recall appellant's sentence to remove an enhancement for a prior conviction that qualified for reduction as a misdemeanor." "[T]he denial of appellant's petition for resentencing should be reversed."

The issue here is one of statutory construction. Section 1170.18 was added to the Penal Code by Proposition 47, which was approved at the general election on November 4, 2014. "[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) "'[W]e apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Id*., at pp. 900-901.)

Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing" to a misdemeanor. Section 1170.18, subdivision (b) provides: "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

The language of subdivisions (a) and (b) of section 1170.18 makes clear that appellant is eligible for relief only if (1) he was previously convicted of a felony, (2)

3

he is currently serving a sentence for the felony conviction, and (3) the felony is now a misdemeanor under Proposition 47. If appellant meets this criteria and does not pose an unreasonable risk of danger to public safety, his "felony sentence shall be recalled" and he shall be resentenced to a misdemeanor. (*Id*., subd. (b).)

Here, the only felony of which appellant was convicted is evading a pursuing peace officer in violation of Vehicle Code section 2800.2, subdivision (a). This offense is unaffected by Proposition 47. When appellant was sentenced in March 2014, the offense was an alternate felony-misdemeanor. It remains so today. Appellant therefore cannot be resentenced to a misdemeanor for this offense.

Appellant was not convicted of the prior prison term enhancement, which is neither a felony nor a misdemeanor. "Section 667.5(b) provides for an enhancement of the prison term for a new offense of one year for each 'prior separate prison term served for any felony' . . . ." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.)[3] "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' (Cal. Rules of Court, rule 405(c) [now rule 4.405(3)], italics added.) . . . [E]nhancements '"focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves."' [Citations.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)

Accordingly, section 1170.18 does not authorize the striking of appellant's prior prison term enhancement merely because the felony conviction underlying the enhancement was reduced to a misdemeanor pursuant to section 1170.18. The enhancement is not a "conviction . . . of a felony" for which appellant is "currently serving a sentence." (§ 1170.18, subd. (a).) Nor was a "felony sentence" imposed for the enhancement. (*Id*., subd. (b).) In addition, appellant cannot be "resentenced to a

---

[3] In 2011 section 667.5, subdivision (b) was amended to also provide a one-year enhancement for "each prior separate . . . county jail term imposed under subdivision (h) of Section 1170." (Stats.2011-2012, 1st Ex.Sess., c. 12, § 10, eff. Sept. 21, 2011, operative Jan. 1, 2012.)

misdemeanor" for the enhancement. (*Ibid*.; see also, e.g., *People v. Ruff* (2016) 244 Cal.App.4th 935.)

*Disposition*

The order denying appellant's petition to recall his sentence and strike a one-year prior prison term enhancement (§ 667.5, subd. (b)) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

John Gregory Derrick , under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A, Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez , Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.