Filed 3/21/16  P. v. Keeney CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN DAVID KEENEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B263283<br>(Super. Ct. No. F486996)<br>(San Luis Obispo County) |

Benjamin David Keeney appeals from an order denying his petition to recall his felony sentence and strike a one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b).[1]  The petition was filed pursuant to section 1170.18, which was added to the Penal Code by Proposition 47.  The underlying offense for the prior prison term was a felony when appellant was sentenced.  It was subsequently reduced to a misdemeanor pursuant to section 1170.18.  We affirm because section 1170.18 does not authorize the striking of appellant's prior prison term enhancement.

*Procedural Background*

In 2013 appellant pleaded guilty to the felony offense of selling or transporting heroin.  (Health & Saf. Code, § 11352, subd. (a).)  He admitted three prior prison term enhancements.  (§ 667.5, subd. (b).)  The underlying felony for the third prior

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

prison term was a 2005 conviction of possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a). The court sentenced appellant to county jail for eight years: five years for selling or transporting heroin plus one year for each of the three prior prison terms. The court "suspend[ed] the concluding 730 days of [the eight-year] term, during which time [appellant] shall be placed on mandatory supervision by the Probation Department . . . ."

When appellant pleaded guilty in 2013, a violation of Health and Safety Code section 11377, subdivision (a) was an alternate felony-misdemeanor, also known as a "wobbler." The passage of Proposition 47 in 2014 made the offense a straight misdemeanor unless the defendant has one or more prior convictions of specified serious felonies, which appellant does not have.

Acting as his own attorney, in January 2015 appellant filed a petition stating that in 2013 he had been convicted of a "violation of P.C. 666.5 [*sic*]," a felony offense that has "now been reclassified as [a] misdemeanor[]." Appellant alleged that he was "currently serving a sentence for this conviction." He requested that the 2013 "felony sentence be recalled and that [he] be resentenced to a misdemeanor under Penal Code § 1170.18(b), (d)."

In a separate proceeding on February 4, 2015, appellant's 2005 felony conviction of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) was reduced to a misdemeanor pursuant to section 1170.18.

In March 2015 the trial court conducted a hearing on the petition to recall the 2013 felony sentence and resentence appellant to a misdemeanor. Defense counsel informed the court that the 2005 felony conviction either had been reduced or should be reduced to a misdemeanor pursuant to section 1170.18. Therefore, counsel argued, the 2005 conviction no longer qualified as a felony for which a prior prison term enhancement could be imposed. (See *People v. Tenner* (1993) 6 Cal.4th 559, 563 ["Imposition of a sentence enhancement [for a prior prison term] under Penal Code section 667.5 requires proof that the defendant . . . was previously convicted of a

felony"].)  Counsel requested that the one-year prior prison term enhancement based on the 2005 conviction "be stricken from [appellant's 2013] sentence."

In denying appellant's petition, the trial court concluded "that [section] 1170.18 does not apply to this case, as the charge that [appellant] pled to, [selling or transporting heroin], clearly is not a charge that was contemplated by [section] 1170.18."

*Discussion*

In his opening brief appellant contends, "[T]he Superior Court erred in denying a petition to recall appellant's sentence to remove an enhancement for a prior conviction that qualified for reduction as a misdemeanor."  When appellant's counsel wrote the opening brief, he was not aware that the 2005 felony conviction of possession of a controlled substance had already been reduced to a misdemeanor pursuant to section 1170.18.  On December 17, 2015, we granted appellant's request for judicial notice of court records showing that the 2005 felony conviction was reduced to a misdemeanor on February 4, 2015.

The issue here is one of statutory construction.  Section 1170.18 was added to the Penal Code by Proposition 47, which was approved at the general election on November 4, 2014.  "[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)  "'[W]e apply the same principles that govern statutory construction. [Citation.]  Thus, . . . "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Id*., at pp. 900-901.)

Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing" to a

3

misdemeanor. Section 1170.18, subdivision (b) provides: "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

The language of subdivisions (a) and (b) of section 1170.18 makes clear that appellant is eligible for relief only if (1) he was previously convicted of a felony, (2) he is currently serving a sentence for the felony conviction, and (3) the felony is now a misdemeanor under Proposition 47. If appellant meets this criteria and does not pose an unreasonable risk of danger to public safety, his "felony sentence shall be recalled" and he shall be resentenced to a misdemeanor. (*Id*., subd. (b).)

Here, the only felony of which appellant was convicted is selling or transporting heroin in violation of Health and Safety Code section 11352, subdivision (a). This offense has always been a felony. Proposition 47 did not affect it. Appellant cannot be resentenced to a misdemeanor for this offense.

Appellant was not convicted of the prior prison term enhancement, which is neither a felony nor a misdemeanor. "Section 667.5(b) provides for an enhancement of the prison term for a new offense of one year for each 'prior separate prison term served for any felony' . . . ." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.)[2] "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' (Cal. Rules of Court, rule 405(c) [now rule 4.405(3)], italics added.) . . . [E]nhancements "'focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves."' [Citations.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)

_____

[2] In 2011 section 667.5, subdivision (b) was amended to also provide a one-year enhancement for "each prior separate . . . county jail term imposed under subdivision (h) of Section 1170." (Stats. 2011-2012, 1st Ex.Sess., c. 12, § 10, eff. Sept. 21, 2011, operative Jan. 1, 2012.)

Thus, section 1170.18 does not authorize the striking of appellant's prior prison term enhancement merely because the felony conviction underlying the enhancement was reduced to a misdemeanor pursuant to section 1170.18.  The enhancement is not a "conviction . . . of a felony" for which appellant is "currently serving a sentence."  (§ 1170.18, subd. (a).)  Nor was a "felony sentence" imposed for the enhancement.  (*Id.*, subd. (b).)  In addition, appellant cannot be "resentenced to a misdemeanor" for the enhancement.  (*Ibid.*; see also, e.g., *People v. Ruff* (2016) 244 Cal.App.4th 935).

*Disposition*

The order denying appellant's petition to recall his sentence and strike a one-year prior prison term enhancement (§ 667.5, subd. (b)) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

5

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

John Gregory Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.