Filed 3/21/16  P. v. Hall CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC MONTIEL HALL,<br><br>    Defendant and Appellant. | 2d Crim. No. B260628<br>(Super. Ct. Nos. 2012031834, 2012024033)<br>(Ventura County) |

Eric Montiel Hall appeals from an order denying his petition to recall his felony sentence and strike prior prison term enhancements imposed pursuant to Penal Code section 667.5, subdivision (b).[1]  The petition was pursuant to section 1170.18, added to the Penal Code by Proposition 47.  The underlying offenses for the prior prison terms were felonies when appellant was sentenced.  They were subsequently reduced to misdemeanors pursuant to section 1170.18.  We affirm because section 1170.18 does not authorize the striking of prior prison term enhancements.

*Procedural Background*

In case number 2012031834 (hereafter case no. 834), a jury found appellant guilty of possessing methamphetamine for sale (Health & Saf. Code, § 11378) and transporting methamphetamine.  (*Id*., § 11379, subd. (a).)  Appellant admitted five prior prison term enhancements.  (§ 667.5, subd. (b).)  In October 2013 he was sentenced to an

_____

[1] Unless otherwise stated, all statutory references are to the Penal Code.

1

aggregate term of nine years, including a consecutive one-year term for each of the five prior prison term enhancements. The trial court ordered appellant to serve the first six years of his sentence in county jail and the remaining three years on mandatory supervision. (§ 1170, subd. (h)(5)(B).)

In case number 2012024033 (hereafter case no. 033), appellant pleaded guilty to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) and admitted the same five prior prison term enhancements that he had admitted in case no. 834. On the same day that appellant was sentenced in case no. 834, in case no. 033 he was sentenced to county jail for two years, to be served concurrently with the sentence imposed in case no. 834. In case no. 033 the court stayed the five prior prison term enhancements pursuant to section 654.

When appellant was sentenced for possession of cocaine in case no. 033, the offense was a felony. The passage of Proposition 47 in November 2014 made the offense a misdemeanor unless the defendant has one or more prior convictions of specified serious felonies, which appellant does not have.

Appellant prepared petitions requesting resentencing in case nos. 834 and 033 pursuant to section 1170.18. In December 2014 the trial court conducted a hearing on the petitions. In case no. 033 the trial court granted the petition and resentenced appellant to one year in county jail for misdemeanor possession of cocaine. It gave appellant credit for time served of one year and ordered him to be discharged from custody in case no. 033.

In case no. 834 appellant argued that the court should strike three prior prison term enhancements because the felony convictions underlying the prison terms would have been misdemeanors if Proposition 47 had been in effect at the time of the convictions. (See *People v. Tenner* (1993) 6 Cal.4th 559, 563 ["Imposition of a sentence enhancement [for a prior prison term] under Penal Code section 667.5 requires proof that the defendant . . . was previously convicted of a felony"].) The trial court denied the petition.

2

Appellant filed separate notices of appeal in case nos. 033 and 834. The cases were consolidated on appeal.

Pursuant to section 1170.18, subdivisions (f) and (g), in April 2015 the trial court designated as misdemeanors three prior felony convictions underlying two prior prison term enhancements in case No. 834.[2]

*In Case No. 033, We Dismiss the Appeal as Moot*

In his opening brief, appellant states: "The focus of this brief is on the ruling in case number [834], since the reduction of the other case [case no. 033] to a misdemeanor, and the completion of probation, has mooted any issue related to it." Accordingly, in case no. 033 we dismiss the appeal as moot.

*Discussion*

Appellant contends that in case no. 834 his sentence should be reduced by striking the prior prison term enhancements based on felony convictions that were reduced to misdemeanors pursuant to section 1170.18. Appellant's contention involves a question of statutory construction.

Section 1170.18 was added to the Penal Code by Proposition 47, which was approved at the general election on November 4, 2014. "[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) "'[W]e apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Id*., at pp. 900-901.)

---

[2] Section 1170.18, subdivisions (f) and (g) apply to "a person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense . . . ." (*Id.,* subd. (f).)

3

Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing" to a misdemeanor. Section 1170.18, subdivision (b) provides: "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

The language of subdivisions (a) and (b) of section 1170.18 makes clear that appellant is eligible for relief only if (1) he was previously convicted of a felony, (2) he is currently serving a sentence for the felony conviction, and (3) the felony is now a misdemeanor under Proposition 47. If appellant meets this criteria and does not pose an unreasonable risk of danger to public safety, his "felony sentence shall be recalled" and he shall be resentenced to a misdemeanor. (*Id*., subd. (b).)

In case No. 834, appellant was convicted of two felonies: possessing methamphetamine for sale (Health & Saf. Code, § 11378) and transporting methamphetamine. (*Id*., § 11379, subd. (a).) These offenses are unaffected by Proposition 47. They remain felonies today. Appellant therefore cannot be resentenced to a misdemeanor for either of these offenses.

Appellant was not convicted of the prior prison term enhancements, which are neither felonies nor misdemeanors. "Section 667.5(b) provides for an enhancement of the prison term for a new offense of one year for each 'prior separate prison term served for any felony' . . . ." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.)[3] "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.'

---

[3] In 2011 section 667.5, subdivision (b) was amended to also provide a one-year enhancement for "each prior separate . . . county jail term imposed under subdivision (h) of Section 1170." (Stats.2011-2012, 1st Ex.Sess., c. 12, § 10, eff. Sept. 21, 2011, operative Jan. 1, 2012.)

(Cal. Rules of Court, rule 405(c) [now rule 4.405(3)], italics added.) . . . [E]nhancements "'focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves."' [Citations.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)

Accordingly, section 1170.18 does not authorize the striking of appellant's prior prison term enhancements merely because the felony convictions underlying the enhancements were reduced to misdemeanors pursuant to section 1170.18. The prior prison term enhancements are not a "conviction . . . of a felony" for which appellant is "currently serving a sentence." (§ 1170.18, subd. (a).) Nor was a "felony sentence" imposed for the enhancements. (*Id*., subd. (b).) In addition, appellant cannot be "resentenced to a misdemeanor" for the enhancements. (*Ibid*.; see also e.g., *People v. Ruff* (2016) 244 Cal.App.4th 935.)

*Disposition*

In case no. 2012024033, the appeal is dismissed as moot. In case no. 2012031834, the order denying appellant's petition to recall his sentence and strike prior prison term enhancements (§ 667.5, subd. (b)) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


John Derrick, under appointment by the Court of Appeal, for Defendant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Mary Sanchez, Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.