Filed 3/10/16  P. v. Louder CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KWAME LOUDER,<br><br>    Defendant and Appellant. | B265170<br><br>(Los Angeles County<br>Super. Ct. No. TA105295) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Laura R. Walton, Judge.  Reversed and remanded with directions.

Jackie Lacey, District Attorney, Steven Katz, Head Deputy District Attorney, and Matthew Brown, Deputy District Attorney, for Plaintiff and Appellant.

Ronald L. Brown, Public Defender, Albert J. Menaster, Carole Telfer, Mark Harvis, Deputy Public Defenders, for Defendant and Respondent.

_____

The People appeal[1] from the postjudgment order granting the motion of defendant Kwame Louder to recall his felony sentence and strike four 1-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b), hereinafter, § 667.5(b))[2] pursuant to section 1170.18, added by Proposition 47.[3]

The People contend the trial court committed reversible error by striking the four 1-year prior prison term enhancements, because Proposition 47 is not retroactive, and, thus, the subsequent reclassification of the felony convictions underlying these

---

[1]    In B264559, this court denied the People's writ of mandate petition.

[2]    All further section references are to the Penal Code unless otherwise indicated.

[3]    Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]). "The initiative:  added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)  The electorate's stated purpose and intent was to '(1)  Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2)  Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3)  Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4)  Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5)  Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶]  (6)  [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.'  (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)"  (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

2

enhancements as misdemeanors does not change the fact these convictions remained felonies for the purposes of the enhancements.

We find merit in the People's position. The one-year prior prison term enhancement (§ 667.5(b)) is "an enhancement available for 'any felony' if the felon served time in prison for 'any felony' and showed an inability to reform."[4] (*People v. Jones* (1993) 5 Cal.4th 1142, 1150.) The service of a prison term component of this enhancement is thus tied directly to the felon's conviction of a felony. That, subsequent to such service, the felony conviction is reclassified as a misdemeanor does not, without more, alter this determinative factor. And there is nothing more. Proposition 47 (or the Act) is not retroactive. That Proposition 47 deems a particular felony conviction "a misdemeanor for all purposes" (§ 1170.18, subd. (k))[5] therefore does not signify that such misdemeanor designation relates, or reaches, back to substitute, as a misdemeanor, the felony status of the conviction in a one-year prior prison term enhancement (§ 667.5(b)).

In view of our conclusions, we reverse the order pursuant to Proposition 47 striking the four 1-year prior prison term enhancements and resentencing and remand the

---

[4] In relevant part, section 667.5(b) provides, "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

[5] The express exception to this "all purposes" rule is "such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or present his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k).)

3

matter with directions that the trial court vacate its order striking the four 1-year prior prison term enhancements and reinstate defendant's original 15-year sentence.[6]

## BACKGROUND

On March 25, 2009, an information was filed charging defendant with felony second degree commercial burglary (§ 459; count 1) and felony receiving stolen property (§ 496; count 2). It was also alleged that, as to counts 1 and 2, defendant had served 12 prior prison terms (§ 667.5(b)).[7]

The jury found defendant guilty on both counts, and he admitted having served the alleged 12 prior prison terms. He was sentenced to state prison on count 1 to 15 years, consisting of the three-year upper term on his burglary conviction, plus a consecutive year for each of the 12 prior prison term enhancements. The trial court "merged" the sentence on count 2 into the count 1 sentence (§ 654). We affirmed the judgment in an unpublished opinion (B217672) filed on March 23, 2010.

After the effective date of Proposition 47, defendant applied to have his felony convictions in count 1 (commercial burglary) and count 2 (receiving stolen property) reclassified as misdemeanors.[8] The trial court granted his request as to count 2 only. Count 1 remained a felony. The court recalled and set aside his felony sentence on count 2 and resentenced as a misdemeanor to 365 days in county jail with credit for 365

---

[6]    This disposition obviates the need to address the People's alternative contention that the trial court lacked subject matter jurisdiction to resentence defendant.

[7]    Defendant allegedly suffered the felony convictions underlying the four prior prison term enhancements at issue in these Los Angeles Superior Court cases: In TA079834, on July 13, 2005, he was convicted of second degree burglary (§ 459); in TA070039, on June 2, 2003, he was convicted of petty theft with a prior (§ 666); in TA065731, on August 6, 2002, he was convicted of petty theft with a prior (§ 666); and in TA057356, on October 10, 2000, he was convicted of receiving stolen property (§ 496, subd. (a)).

[8]    This initial request for Proposition 47 relief, whether a petition to recall and resentence (§ 1170.18, subd. (a)) or an application to designate felony conviction as misdemeanor (§1170/18, subd. (f)) is not part of the record.

4

days served. The court ruled he was released from parole and no further probation was imposed.

Defendant filed a second request for relief under Proposition 47 entitled "Motion for Resentencing." He argued four of his 12 prior prison term enhancements must be stricken and his sentence in his current case reduced by four years, because on February 25, 2015, the trial court in his initial request had reclassified the underlying felony convictions as misdemeanors in each of the four enhancement cases, i.e., TA070039; TA079834; TA065731; and TA057356. As support, he attached copies of the superior court docket for that date.

We note the attached docket pages do not reflect any mention, e.g., finding or ruling, by the trial court of these four prior prison term enhancements. Nonetheless, at the June 4, 2015, hearing on the second request, the prosecutor stated his "copy makes it clear" that "the four 1-year priors" had been "reduced because they fell within the spirit of Prop. 47. They were either a [section] 459 second degree shoplifting type of situation, petty theft with a prior [under section 666], and . . . the amount did not exceed $950, or in one instance, the [offense was a section] 496, another receiving [stolen property], where it did not exceed $950."

The prosecutor argued that reducing the offense to a misdemeanor "only changes the nature of the conviction offense, not the fact that the defendant was sentenced to prison. Since the defendant is an offender undeterred by prison, the section 667.5(b) priors still apply." The prosecutor noted: "'The distinction between a prior felony conviction and a separate prison term served for such felony is obvious.' ([*People v. Baird* (1995) 12 Cal.4th 126,] at p. 132, quoting with approval *People v. Gaines* (1980) 112 Cal.App.3d 508.)" Also noted was: "'Sentence enhancements for prior prison terms are based on the defendant's status as a recidivist, and not on the underlying criminal conduct or the act or omission, giving rise to the current conviction.' (*People v. Gorkey* (1998) 62 Cal.App.4th 932, 936.)"

The prosecutor also argued that essentially the electorate intended reduction of a felony conviction to a misdemeanor to be prospective and, thus, not to apply retroactively

5

to affect the applicability of a recidivist prior prison term enhancement. The language in subdivision (k) of section 1170.18 that designation of the felony conviction as a misdemeanor is deemed a misdemeanor "for all purposes" apparently reflected the electorate's intent "for a reduction under Proposition 47 to have the same effect as a reduction under [section 17, subdivision (b)] section 17(b)," which contains substantially similar language. Citing *People v. Park* (2013) 56 Cal.4th 782, the prosecutor argued the "all purposes" language in the Act should be construed to be prospective, because the court in *Park* construed the substantially similar language of section 17(b), which addresses the felony/misdemeanor charge (wobbler) situation, to mean reduction of a felony to a misdemeanor precludes the future use of that conviction as a prior felony conviction for a prior serious felony enhancement (§ 667, subd. (a)).

At the hearing, defense counsel argued "any recall and resentencing involves changing the nature of the sentence . . . not only . . . [from] a criminal felony to a misdemeanor, but also changing the sentence that was imposed. And that's kind of the key in this [case]." He also argued Proposition 47 "was made retroactive" and "designed to eliminate the consequences and liabilities of certain felony convictions," such as a one-year prior prison term enhancement where the underlying felony conviction is reclassified as a misdemeanor.

The prosecutor argued the purpose of the one-year prior prison term enhancement is to punish defendant for being a recidivist, not simply for the conduct in his underlying conviction, and pointed out he was "convicted of a felony" and "was in prison as the result of that conviction." She argued such enhancement therefore remains applicable "irrespective of what took place" afterward pursuant to Proposition 47.

Defense counsel responded the trial court had no jurisdiction to impose a prior prison term now based on a misdemeanor conviction, because Proposition 47 is "a recall and resentencing law," and, in applying that law, "the prior commitment is gone. It is

now a misdemeanor, and [defendant] was resentenced to a misdemeanor sentence, so he no longer has that prior prison commitment on those four cases."[9]

Following a recess, the trial court characterized "the spirit of Prop. 47" as one "which reduces numerous felonies to misdemeanors [and] calling for significant less prison time." The court ruled it would "go with the spirit of Prop. 47, which looks at giving individuals less time in prison, and grant the defense motion to resentence him to four years' less time." The court announced it would resentence defendant "as if those four priors were misdemeanors for all purposes pursuant to Prop. 47," with the understanding [it was] going to apply it retroactively because Prop. 47 has made an exception, which is a new law, that it be applied retroactively to persons who are currently serving prison time or county jail time but, more importantly, to those who have even completed their sentence to some degree." In resentencing defendant, the court re-imposed the three-year upper term on count 1, plus a consecutive one-year term for each of the remaining eight prior prison term enhancements, "for a total of 11 years in state prison."[10]

## DISCUSSION

The dispositive issue is whether reduction of a felony conviction underlying a one-year prior prison term to a misdemeanor pursuant to Proposition 47 thereby renders a nullity the one-year prior prison term enhancement based on such felony-now-misdemeanor conviction. The answer is no. "[P]unishment may be imposed under section 667.5(b) only where the defendant has been previously convicted of a felony *and*

---

[9]     The record establishes the trial court resentenced as a misdemeanor on count 2 in the current case. Although the record reflects the felony convictions underlying the subject four prior prison term enhancements were reclassified as misdemeanors, the record does not reflect the trial court resentenced these convictions as misdemeanors.

[10]     The court indicated it would direct the Department of Corrections to recalculate defendant's credits based on the resentencing of 11 years in state prison." On June 8, 2015, the superior court clerk filed an amended abstract of judgment reflecting the resentencing by the trial court.

has served a prison term therefor."[11] (*People v. Coronado* (1995) 12 Cal.4th 145, 154, italics added.)  In short, the requisite prison term is served for the underlying felony conviction.  It is therefore of no moment that *after* the defendant has served the prison term, the underlying felony conviction is then reclassified as a misdemeanor.  (See also *People v. Ruff* (2016) 244 Cal.App.4th 935, 945 (*Ruff*); *People v. Valenzuela* (2016) 244 Cal.App.4th 692, 710-711 (*Valenzuela*).)  A contrary conclusion is not compelled by Proposition 47.  Neither the plain language of the Act nor the Voter Information Guide, explicitly or implicitly, reflects any intent on the part of the electorate to embrace the one-year prior prison term enhancement within the purview of Proposition 47.  (See also *Ruff*, at pp. 945-946; *Valenzuela*, at p. 709.)

In pertinent part, Proposition 47 provides:  "Any felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . *shall be considered a misdemeanor for all purposes*."  (§ 1170.18, subd. (k), italics added .)  The phrase "a misdemeanor for all purposes," however, does not signify that reclassification of the felony conviction as a misdemeanor thereby transforms the prior prison term the defendant has served into a term for a misdemeanor instead of a felony conviction.  Further, such interpretation would offend the well-established principle that Proposition 47 is prospective, not retroactive.  (See, e.g., *People v. Carrea* (2016) 244 Cal.App.4th 966, 974, 975-977; *Ruff*, *supra*, 244 Cal.App.4th at pp. 945-946; *Valenzuela*, *supra*, 244 Cal.App.4th at pp.709-710; *People v. Shabazz*, *supra*, 237 Cal.App.4th at pp. 313–314; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100.)

---

**11**    "Imposition of a sentence enhancement under . . . section 667.5 requires proof that the defendant:  (1) was *previously* convicted of a felony; (2) was imprisoned as a result of *that conviction*; (3) *completed* that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction.  [Citation.]"  (*People v. Tenner* (1993) 6 Cal.4th 559, 563, italics added.)

8

**DISPOSITION**

The order appealed from is reversed. The matter is remanded with directions to the trial court to vacate its order striking the four 1-year prior prison term enhancements (§ 667.5 (b)); reinstate the original sentence of 15 years; and direct the superior court clerk to prepare an amended abstract of judgment reflecting the reinstated sentence and forward copies to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

9