[No. F067279. Fifth Dist. Dec. 19, 2014.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS ROY LOSA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Facts and Procedural History, parts IA and C, II, and III of the Discussion and the concurring opinion of Justice Peña.

**COUNSEL**

Deanna Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DETJEN, J.—**

## INTRODUCTION

The Three Strikes Reform Act of 2012 (hereafter the Act) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such an inmate meets the criteria enumerated in Penal Code section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety.[1] (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 [151 Cal.Rptr.3d 901].)

After the Act went into effect, Douglas Roy Losa (defendant), an inmate serving a term of 25 years to life following conviction of a felony that was not violent (as defined by § 667.5, subd. (c)) or serious (as defined by § 1192.7, subd. (c)), filed a petition for recall of sentence and request for resentencing under the Act. Following a hearing, the trial court found resentencing defendant would present an unreasonable risk of danger to public safety and denied the petition.

In the unpublished portion of this opinion, we hold the People have the burden of proving, by a preponderance of the evidence, facts on which a finding that resentencing a petitioner would pose an unreasonable risk of danger to public safety reasonably can be based. Those facts are reviewed for substantial evidence. The trial court's determination whether to resentence a petitioner, however, is reviewed for abuse of discretion. We also hold recently enacted section 1170.18, subdivision (c) does not modify section 1170.126, subdivision (f). Because we conclude the People met their burden and the trial court did not abuse its discretion, we affirm. We publish our discussion of defendant's claim a petitioner is entitled to proof beyond a reasonable doubt and a jury trial on the "dangerousness" issue based on equal protection principles.

## FACTS AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

*See footnote, *ante*, page 789.

## DISCUSSION

Defendant contends we should reverse the denial of his petition and remand the matter with directions that he be sentenced to a determinate term as a second strike offender. Although presented in a somewhat disjointed manner, defendant's multiple arguments and subarguments appear to boil down to two main claims: (1) Defendant was entitled to a jury trial, and proof beyond a reasonable doubt, on the issue whether resentencing him would pose an unreasonable risk of danger to public safety, and (2) the trial court erred by denying defendant's petition. We find no cause for reversal.[4]

## I

## THE APPLICABLE STANDARDS ARE PREPONDERANCE OF THE EVIDENCE AND ABUSE OF DISCRETION.

### A.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B.

■ Defendant argues "equal protection requires the application of the same standard for recalled sentences as [for] defendants who are currently being sentenced." We reject his claim.

■ "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citation.]" (*People v. Brown* (2012) 54

---

[4] The Attorney General contends defendant forfeited any claims concerning the standard and burden of proof by failing to present them in the trial court. We have the authority to reach defendant's claims, regardless. (*People v. Smith* (2003) 31 Cal.4th 1207, 1215 [7 Cal.Rptr.3d 559, 80 P.3d 662]; *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429].) In light of the newness of the Act at the time defendant's petition was heard, as well as his contention defense counsel's failure to raise the issues constituted ineffective assistance of counsel, we review the claims on the merits. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [36 Cal.Rptr.2d 474, 885 P.2d 887].)

*See footnote, *ante*, page 789.

Cal.4th 314, 328 [142 Cal.Rptr.3d 824, 278 P.3d 1182]; accord, *People v. Wutzke* (2002) 28 Cal.4th 923, 943 [123 Cal.Rptr.2d 447, 51 P.3d 310].)

We cannot tell whether defendant is saying he is similarly situated to persons who are being newly sentenced for their current offenses under the three strikes law as amended by the Act, in which case there are constitutional and statutory pleading and proof requirements (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348]), or to persons who have completed their prison terms but are then subject to further commitment as mentally disordered offenders (§ 2962 et seq.), sexually violent predators (Welf. & Inst. Code, § 6600 et seq.), or under the juvenile extended detention scheme (*id.*, § 1800 et seq.). It does not matter, because defendant is not similarly situated to any of those persons. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1306 [155 Cal.Rptr.3d 856] (*Kaulick*); see *People v. Wutzke, supra,* 28 Cal.4th at p. 944.) Defendant is not merely entering the prison system; rather, he has been confined there for a substantial period of time. Nor is he someone who has completed his sentence and now is being subjected to additional confinement. "Instead, [defendant] *was properly sentenced* to prison for an indefinite term because he was *properly convicted* (beyond a reasonable doubt, by a unanimous jury) of a third felony after he had committed two prior serious or violent felonies. It was his third felony conviction which, pursuant to the law in effect at the time, subjected him to an indeterminate sentence. Now, due to the adoption of the Act, [defendant] may be entitled to a downward modification of this indeterminate term to a determinate second strike sentence. That he may be denied such downward modification due to a finding of dangerousness based on a preponderance of the evidence does not mean that he would be subjected to indefinite confinement based on this finding. He is subject to the indeterminate term due to his original third strike sentence; the dangerousness finding would simply deny him a downward modification. This process does not deny [defendant] his constitutional right to equal protection of the law." (*Kaulick, supra,* at p. 1306, fn. omitted.)

## C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 789.

## DISPOSITION

The judgment is affirmed.

Levy, Acting P. J., concurred.

**PEÑA, J., Concurring.—**[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

A petition for a rehearing was denied January 16, 2015.

---

[*]See footnote, *ante*, page 789.