Filed 12/28/15  P. v. Nava CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RUBEN NAVA,<br><br>        Defendant and Appellant. | A143516<br><br>(San Mateo County<br>Super. Ct. No. SC049871A) |

Ruben Nava was sentenced to an indeterminate life term of 25 years to life under the "Three Strikes" law for failing to register as a sex offender.  (Pen. Code, § 290, subd. (g)(2).)[1]  He appeals from an order denying his petition for resentencing under the Three Strikes Reform Act of 2012 (Reform Act), added by Proposition 36, effective November 7, 2012.  (§ 1170.126; see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601 [order denying § 1170.126 petition on eligibility grounds is appealable order].)  Appellant contends the trial court erred in ruling he was ineligible for resentencing based on his prior conviction of lewd and lascivious conduct with a child under 14 years of age (§§ 288, subd. (a), 1170.126, subd. (e)).  He argues the trial court had the discretion to strike that prior conviction for purposes of determining his eligibility, and suggests that to hold otherwise would deprive him of equal protection because defendants with more serious prior convictions are not barred from obtaining relief under section 1170.126.  We disagree and affirm.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

BACKGROUND

On March 28, 2002, a jury convicted appellant of failing to register as a sex offender (a felony) and providing false information to a peace officer (a misdemeanor). (§§ 148.9, 290, subd. (g)(2).)  The trial court sentenced him to a term of 25 years to life plus one year after it found true allegations he had served a prior prison term and had suffered three prior convictions qualifying as strikes under the Three Strikes law:  a 1984 conviction for aggravated assault, a 1991 conviction for aggravated assault, and a 1992 conviction for lewd and lascivious conduct with a child under 14 years of age.  (§§ 245, subd. (a), 288, subd. (a), 667.5, subd. (b), 1170.12.)  The trial court denied appellant's motion to strike his prior convictions.

This court affirmed the judgment on appeal, rejecting claims pertaining to the propriety of the jury instructions and the constitutionality of the sentence against a challenge that it amounted to cruel and unusual punishment.  (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17; *People v. Nava* (Aug. 11, 2004, A102923 [nonpub. opn.]).)  The federal district court denied appellant's petition for writ of habeas corpus on the same grounds, and that order was affirmed by the Ninth Circuit Court of Appeals.  (*Nava v. Adams* (Dec. 28, 2007) C06-00392 MJJ, 2007 WL 4591739; *Nava v. Haws* (Jan. 31, 2011) 414 Fed.Appx. 23.)

In 2012, the voters passed the Reform Act, which amended the Three Strikes law to provide that subject to certain exceptions, an indeterminate life term may not be imposed for a third strike when the current felony is neither serious nor violent.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).  The Reform Act also added section 1170.126, which creates a postconviction procedure for resentencing persons presently serving a third strike indeterminate life term for a nonserious, nonviolent felony, subject to the same exceptions, and subject to the provision that the defendant will not be resentenced if he or she poses an unreasonable risk of danger to public safety.  (*Yearwood*, at pp. 167-168.)

On August 22, 2014, appellant filed a petition in propria persona for recall and resentencing under section 1170.126.  The petition acknowledged that appellant's prior

2

conviction for a violation of section 288 appeared to make him statutorily ineligible for resentencing, but claimed that ineligibility would violate equal protection principles because individuals with a prior conviction of section 288.7—punishing various sexual acts with a child under 10—were *not* ineligible. The district attorney opposed the motion to recall the sentence. On September 18, 2014, represented by counsel, appellant filed an amended petition for recall and resentencing urging the court to strike his prior section 288 conviction in the interests of justice under section 1385. The district attorney argued in response that the court lacked the power to strike a prior conviction for purposes of determining eligibility for resentencing under section 1170.126.

The trial court denied the section 1170.126 petition "based on the plain state of the law" and noted, "[T]o the extent that I have the jurisdiction to entertain a 1385 motion, I'm going to deny that request as well."

DISCUSSION

The Reform Act amended the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) to provide that subject to certain exceptions, a defendant with two or more prior "strike" convictions may be sentenced to an indeterminate life term in prison only when the current offense is a serious or violent felony; if the current offense is not serious or violent, only a lesser second-strike term may be imposed. (§§ 667, subd. (e)(2)(A) & (C), 1170.12, subd. (c)(2)(A) & (C).) With respect to defendants previously sentenced to a life term under the Three Strikes law, section 1170.126 sets forth the substantive and procedural requirements for seeking recall and resentencing as a second strike offender.

A defendant is eligible for recall and resentencing under section 1170.126 if (1) he or she is serving an indeterminate term of life imprisonment under the Three Strikes law for a felony that is not defined as serious or violent under sections 667.5, subdivision (c) or 1192.7, subdivision (c); (2) the current sentence was not imposed for a controlled substance offense with a specified weight enhancement, an enumerated sex offense, or an offense during which the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person; and (3) he or she has

3

no prior convictions for specified felony offenses. (§ 1170.126, subd. (e); *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 988-989 (*Martinez*).) If a defendant is *eligible*, he or she must be resentenced to a second strike term unless the trial court, " 'in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' " (§ 1170.126, subd. (f); see *Yearwood*, *supra*, 213 Cal.App.4th at p. 170.)

Appellant's current commitment offense of failing to register as a sex offender is not a serious or violent felony under section 667.5, subdivision (c) or section 1192.7, subdivision (c). However, an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).) Both section 667, subdivision (e)(2)(C)(iv) and section 1170.12, subdivision (c)(2)(C)(iv) include the following as a disqualifying offense: "A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288." (§§ 667, subd. (e)(2)(C)(iv)(III), 1170.12, subd. (c)(2)(C)(iv)(III).) Appellant's prior conviction of violating section 288 disqualifies him from obtaining relief under the Reform Act.[2]

---

[2] Both section 667, subdivision (e)(2)(C)(iv) and section 1170.12, subdivision (c)(2)(C)(iv) list the following as disqualifying prior offenses: "(I) A 'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of

4

Appellant argues the trial court had the authority to strike his prior section 288 conviction in the interests of justice under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and that the case should be remanded to allow the court to exercise this discretion and resentence him under section 1170.126. The short answer to this contention is that the trial court did not refuse to consider appellant's motion to strike the prior conviction for lewd conduct; rather, it indicated it would deny the motion to the extent it had jurisdiction to consider it. Appellant has not carried his burden of establishing an abuse of discretion in denying his motion on the merits. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-379.)[3]

We affirm for the additional reason that a trial court lacks the discretion to strike a prior conviction for the purposes of determining eligibility for resentencing under section 1170.126. In this regard we follow *People v. Brown* (2014) 230 Cal.App.4th 1502, 1511-1514 (*Brown*), whose reasoning we find persuasive. "Section 1170.126 grants a trial court the power to determine an inmate's eligibility to be resentenced under the Reform Act *only if* the inmate satisfies the three criteria set out in subdivision (e) of the statute, . . . and contains no provision authorizing a trial court to disregard the required criteria. [Citation.] Rather, the plain language of subdivision (e) clearly provides that an inmate must first satisfy each criteria set out in subdivision (e) of section 1170.126 *before* he or she can be resentenced under the Reform Act, and gives the trial court no discretion to depart from the three-step requirement. In other words, if the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court *no power* to do anything but deny the petition for recall of sentence." (*Id*. at pp. 1511-1512; see *Martinez*, *supra*, 225

---

subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

[3] After oral argument and submission of this appeal pursuant to rule 8.256(d)(1) of the California Rules of Court, appellant submitted a request that this court take judicial notice of hearings in other cases in which the same trial court indicated it did not have the discretion to strike a prior conviction for purposes of determining eligibility for resentencing under section 1170.126. Because the request is untimely, we decline to consider it.

Cal.App.4th at p. 989 ["[i]f the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court no power to do anything but deny the petition"].)

In reaching this result, the *Brown* court noted that section 1170.126, subdivision (f) explicitly gives the court the discretion to determine whether the release of an inmate who is *eligible* for resentencing "would pose an unreasonable risk of danger to public safety." "The plain language of subdivision (f) of the statute gives trial courts discretion only after an inmate satisfies the criteria in subdivision (e), and only in determining whether granting that relief would pose an unreasonable risk of danger even if the petitioner satisfies the criteria set out in subdivision (e)." (*Brown*, *supra*, 230 Cal.App.4th at p. 1512.) "[T]he absence of discretionary authority in section 1170.126, subdivision (e) shows the Legislature intended to withhold statutory power of a trial court to exercise its discretion in the furtherance of justice under section 1385 in determining a defendant's eligibility to be resentenced under the Reform Act." (*Ibid*.) This interpretation was consistent with the Reform Act's legislative history, in which the legislative analysis included in ballot materials for Proposition 36 explained it would " ''*limit*[] *eligibility for resentencing* to third strikers whose current offense is nonserious, non-violent and who have not committed specified current and *prior* offenses, such as certain drug-, sex-, and gun-related felonies.' " (*Id*. at pp. 1513-1514, citing Voter Information Guide, Gen. Elec. (Nov. 6, 2012), analysis of Prop. 36 by Legis. Analyst, at p. 50.)

Appellant argues that *Brown* was incorrectly decided. He submits that a circumstance disqualifying an inmate from recall and resentencing under the Reform Act must be pleaded and proved by the prosecution, and that consequently there is "something" for the court to strike or dismiss under section 1385 in the context of an eligibility determination. We disagree with appellant's premise. While a prosecutor must plead and prove a disqualifying circumstance to obtain a life sentence for a defendant convicted of a nonviolent/nonserious offense in the first instance at the original sentencing hearing (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)), there is no pleading and proof requirement for the recall procedure under section 1170.126,

subdivision (e). Rather, "the burden falls *on the trial court* to make the determination of whether the defendant meets the prima facie criteria" for resentencing. (*People v. Guilford* (2014) 228 Cal.App.4th 651, 657; see *People v. White* (2014) 223 Cal.App.4th 512, 526-527; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033-1034.)

Nor are we persuaded by appellant's suggestion that a power to strike can be gleaned from sections 667, subdivision (f)(2) and 1170.12, subdivision (d)(2), which allow a court to dismiss a strike allegation before imposing sentence under the Three Strikes law in the first instance. "[T]here are two parts to the [Reform] Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony [citation]." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292 (*Kaulick*).) Sections 667, subdivision (f)(2) and 1170.12, subdivision (d)(2) concern the prospective application of the Reform Act to an original sentencing hearing, whereas we are concerned only with the retrospective application of the Reform Act to a petition for recall and resentencing.

The factors that would render an inmate *ineligible* for recall and resentencing under section 1170.12, subdivision (e) also render a defendant facing an initial sentencing hearing *eligible* for an indeterminate life sentence under the Three Strikes law; in other words, the Reform Act does not preclude a court from imposing an indeterminate life term for a nonserious/nonviolent felony when those circumstances apply. (§§ 667, subd. (e)(2)(C)(i)-(iv), 1170.12, subd. (c)(2)(C)(i)-(iv), 1170.126, subd. (e).) In making the initial sentencing determination, a court retains the power under sections 667, subdivision (f)(2) and 1170.12, subdivision (d)(2) to "strike a strike" under section 1385 in the interests of justice. (See *Romero*, *supra*, 13 Cal.4th at p. 504.) But this power to employ section 1385 when formulating the original sentence in the interests of justice does not necessarily or logically confer the power to strike a prior conviction for the purposes of determining eligibility for resentencing under the Reform Act.

7

Appellant argues his right to equal protection is violated if defendants seeking a recall and resentencing under section 1170.126 are precluded from seeking dismissal of a prior conviction to the same extent as defendants who are being initially sentenced under the Three Strikes law. We disagree. " 'The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " [Citation.] "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " [Citation.]' " (*People v. Losa* (2014) 232 Cal.App.4th 789, 792.) Appellant's claim does not prevail because he is not similarly situated to persons being newly sentenced under the Reform Act. (*Id.* at p. 793; see *Kaulick*, *supra*, 215 Cal.App.4th at p. 1306; *Yearwood*, *supra*, 213 Cal.App.4th at pp. 178-179 [prospective application of amended sections 667 and 1170.12 and different standard for inmates petitioning for recall and resentencing does not unfairly discriminate against defendant or violate his right to equal protection under the law].)

Moreover, appellant brought a motion to strike his prior convictions at his original sentencing hearing. Construing section 1170.126 in the manner suggested by appellant would improperly permit him to relitigate that motion in violation of the general rule that a trial court lacks the jurisdiction to modify a defendant's sentence once execution of that sentence has begun. (*Brown*, *supra*, 230 Cal.App.4th at p. 1511.)

Finally, appellant argues it would violate equal protection principles to find him ineligible for recall and resentencing based on a prior conviction of lewd conduct under section 288, subdivision (a), when defendants with prior convictions for more serious violations under section 288.7 are not ineligible. We reject the claim because inmates with prior convictions under section 288.7 are also ineligible for resentencing under section 1170.126.

8

Section 288.7 provides: "(a) Any person 18 years of age or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life. [¶] (b) Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." Sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv), which list the disqualifying prior convictions referenced in section 1170.126, subdivision (e), include "(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death." A violation of section 288.7 is a serious and violent felony because it is "punishable by death or life imprisonment in state prison." (§ 667.5, subd. (c)(7), 1192.7, subd. (c)(7).) It is, therefore, a serious and violent felony punishable by "life imprisonment" that will disqualify an inmate from recall and resentencing under the Reform Act. (See *People v. Lopez* (2005) 34 Cal.4th 1002, 1006-1011 [first degree murder, which required sentence of 25 years to life, was offense " 'punishable by imprisonment . . . for life' " under gang enhancement provisions of § 186.22].)

Appellant claims that section 288.7 is not a serious or violent felony because it is not "punishable by life imprisonment." He relies on *In re Jeanice D.* (1980) 28 Cal.3d 210 (*Jeanice D.*), superseded by statute as stated in *People v. King* (1993) 5 Cal.4th 59, 65-68, in which the court concluded a defendant under 21 who was convicted of murder and subject to a sentence of 25 years to life was not ineligible for commitment to the former California Youth Authority (CYA) in lieu of prison as a person "sentenced to death, [or] imprisonment for life." (See former Welf. & Inst. Code, § 1731.5, subd. (a); Stats. 1969, ch. 785, p. 1602, § 2.) The result in *Jeanice D.* was predicated on pre-1978 case law concluding that youths convicted of an offense carrying an indeterminate sentence with a possible life imprisonment maximum under the former indeterminate sentencing law (e.g., five years to life) were eligible for a CYA commitment even though

defendants convicted of murder, which carried a "straight" life sentence, were ineligible. (*Jeanice D.*, at pp. 214-221.)

The considerations at play in *Jeanice D.* do not apply to section 1170.126 and its incorporation by reference of serious or violent felonies "punishable by life imprisonment." Section 1170.126's restriction on eligibility is obviously intended to bar the resentencing of defendants whose criminal histories makes them unsuitable for more lenient treatment under the provisions of the Reform Act. It would produce an absurd result to conclude that a prior conviction of section 288.7 is not punishable by "life imprisonment" within the meaning of the Reform Act because it carries a penalty of either 15 or 25 years to life, rather than a "straight" life sentence under which a defendant may be considered for release on parole after only seven calendar years under section 3046, subdivision (a)(1). (See *People v. Moore* (2004) 118 Cal.App.4th 74, 78 [ambiguity in statute will not be construed in criminal defendant's favor where to do so would create absurd result].)

## DISPOSITION

The judgment (order denying petition for recall and resentencing under section 1170.126) is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.