Filed 6/14/16  P. v. O'Brien CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TERRY LEE O'BRIEN, <br><br> Defendant and Appellant. | F070347 <br><br> (Fresno Super. Ct. No. F14906089) <br><br> **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Franson, J. and Peña, J.

Appellant Terry Lee O'Brien appeals his sentence following a probation violation. Appellant contends his prior felony conviction for possession of methamphetamine under Health and Safety Code section 11377[1] should have been retroactively deemed a misdemeanor pursuant to Proposition 47. Appellant further alleges the equal protection clause requires his prior conviction be deemed a misdemeanor. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On or around June 1, 2013, appellant was convicted of possessing a controlled substance under section 11377, subdivision (a), a felony. After two referrals to the deferred entry of judgment program pursuant to Penal Code section 1000, appellant was sentenced to three years of felony probation on November 26, 2013. These proceedings, before the Fresno Superior Court, were identified as case number F13905301 (the 301 case).

On or around August 20, 2013, appellant was convicted of possessing a controlled substance for sale under section 11378, a felony. Appellant was ultimately sentenced, in conjunction with the 301 case, to three years of felony probation. These proceedings, also before the Fresno Superior Court, were identified as case number F13907918 (the 918 case).

On June 23, 2014, while still on probation in the 301 and 918 cases, appellant was stopped by police for a bicycle violation and searched pursuant to his probation terms. A glass pipe containing methamphetamine, a digital scale, 32.53 grams of methamphetamine, and $138 in cash were discovered. Appellant was charged, and pleaded guilty, to possessing methamphetamine for sale under section 11378, a felony, with an enhancement, triggered by the 918 case, for having a prior conviction within the meaning of section 11370.2, subdivision (c). In exchange for the plea, appellant was

---

[1] All statutory references are to the Health and Safety Code, unless otherwise noted.

2.

offered, and ultimately sentenced to, a term of four years and four months, served concurrent to any sentence for violating probation in the 301 and 918 cases. These proceedings, also before the Fresno Superior Court, were identified as case number F14906089 (the 089 case).

With respect to both the 301 and 918 cases, appellant's probation was revoked based on his charges in the 089 case. At sentencing on August 25, 2014, the court reinstated appellant's felony probation "under the same terms and conditions" in both the 301 and 918 cases, with updated time served credits.

Appellant filed a timely notice of appeal in the 089 case, although the trial court denied his request for a certificate of probable cause. By a subsequent unopposed motion with this court, appellant's notice of appeal was construed to cover a "challenge to the finding that he violated probation" in both the 301 and 918 cases.

## DISCUSSION

Appellant contends the court improperly reinstated his felony probation in the 301 case. Appellant argues Proposition 47 retroactively applies to his conviction in that case, requiring that it be treated as a misdemeanor as opposed to a felony at the time of his resentencing. Relatedly, appellant alleges an equal protection violation if such retroactive effect is not given.

### *Standard of Review*

Whether a criminal statute applies retroactively is a matter of statutory interpretation. (*People v. Brown* (2012) 54 Cal.4th 314, 319-320.) Matters of statutory interpretation are issues of law considered de novo on appeal. (See e.g., *In re M.W.* (2008) 169 Cal.App.4th 1, 4.) Similarly, a challenge to the constitutionality of a statute is an issue of law which is considered de novo. (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

### *Appellant Must Proceed According to the Statute to Modify His Prior Conviction*

Appellant's primary position requests that we order a retroactive modification of appellant's felony conviction under section 11377, subdivision (a) for sentencing purposes. This is not a request we can grant.

Approved on November 4, 2014, Proposition 47 added several reformative provisions to the Health and Safety and Penal Codes. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 307-308 (*Shabazz*).) Relevant to this appeal, Proposition 47 added section 1170.18 to the Penal Code, providing a statutory scheme for petitions to recall sentences, and amended section 11377, reducing the punishment for possession of certain controlled substances from felonies to misdemeanors, provided the defendant does not have certain enumerated prior convictions. (Pen. Code, § 1170.18; § 11377; *Shabazz*, *supra*, 237 Cal.App.4th at pp. 308-311.) At the time Proposition 47 was approved, appellant had already been sentenced in all three of his pending matters.

The question in this appeal is whether the amendments to section 11377 apply retroactively to the conviction underlying appellant's probation violation in the 301 case such that we have the authority to modify that prior conviction. Similar questions have been considered by our sister court in the second district, which determined the specific provisions of Penal Code section 1170.18, subdivisions (a) and (b), setting forth the procedures to petition for recall of sentence, and subdivision (f), setting forth the procedures to apply to have a completed felony conviction categorized as a misdemeanor, demonstrate that section 11377 should not be automatically applied retroactively. (*Shabazz*, *supra*, 237 Cal.App.4th at p. 313 [no retroactive effect on direct appeal after sentence completed]; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1336 (*Diaz*) [no retroactive effect on appeal from later proceeding, where initial conviction was final].)

We see no reason to deviate from the analysis in *Shabazz* and *Diaz*. As explained succinctly in *Shabazz*, "the voters never intended that Proposition 47 would automatically apply to allow us to reduce defendant's two felonies to misdemeanors. Rather, the voters

4.

set forth specific procedures for securing the lesser punishment to eligible persons such as defendant. These are the sole remedies available under Proposition 47 for an accused sentenced prior to its effective date." (*Shabazz*, *supra*, 237 Cal.App.4th at p. 313.) Appellant's sole course of action, if he wishes to have his prior conviction modified to a misdemeanor, is to file a petition to recall his sentence before the trial court that sentenced him.[2] (Pen. Code, § 1170.18, subd. (a).) It will then be up to the trial court to determine whether appellant is eligible for modification and whether modification should be granted. (Pen. Code, § 1170.18, subd. (b).)[3]

### *Appellant Cannot Show an Equal Protection Violation*

Appellant further argues that, should the changes to section 11377 be applied only prospectively, two classes of defendants would be created which are being treated differently under the law. We disagree.

In response to how appellant has framed the issue, it is not the case that the changes to section 11377 are only applied prospectively. Rather, retroactive application is available provided defendants follow and satisfy the requirements of the statutory scheme. Thus, appellant has failed to identify similarly situated individuals who are being treated differently under the law. (See *People v. Losa* (2014) 232 Cal.App.4th 789, 793.) Moreover, "[t]he right to equal protection of the law generally does not prevent the

---

[2] Appellant argues his case is not final and thus suitable for retroactive application of the new law under *In re Estrada* (1965) 63 Cal.2d 740. We disagree. While appellant's probation violation appeal is not final, the proceedings leading to his initial conviction in the 301 case were complete sometime in late 2013 or early 2014 after appellant's November 26, 2013, sentencing. As *Diaz* explained, accepting appellant's argument that later proceedings relying on a prior conviction means the prior conviction is not final "stretches the *Estrada* rule to the breaking point." (*Diaz*, *supra*, 238 Cal.App.4th at p. 1336.)

[3] Given the required procedures, we do not consider whether appellant's failure to seek modification of his sentence prior to his probation violation has any bearing on subsequent efforts by appellant to modify his probation violation sentence should modification be granted. (See *People v. Park* (2013) 56 Cal.4th 782, 802.)

state from setting a starting point for a change in the law.  '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.'  [Citation.]  The same rule applies to changes in sentencing law that benefit defendants." (*People v. Lynch* (2012) 209 Cal.App.4th 353, 359.)  Thus, even if appellant had identified disparate treatment, his argument would fail.

## DISPOSITION

The judgment is affirmed.