Filed 11/2/22  P. v. Challe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAVANNAH KAY CHALLE,<br><br>    Defendant and Appellant. | C095700<br><br>(Super. Ct. Nos. 21F3310, 19F7033, 21F4392) |

Defendant Savannah Kay Challe, who was 23 years old at the time of sentencing, contends that in sentencing her to the upper term of three years for the illegal use of tear gas, the trial court failed to comply with Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567).

Senate Bill 567 amended Penal Code section 1170, subdivision (b).[1]  Defendant contends the trial court did not consider whether her youth was a contributing factor in her crimes, as required by section 1170, subdivision (b)(6).  She also claims section 1170,

---

[1]  Undesignated statutory references are to the Penal Code.

subdivision (b)(2) and (3) require a sentencing court to impose the middle term unless facts supporting aggravating circumstances have been stipulated to by the defendant, found true beyond a reasonable doubt by a trier of fact, or established by a certified record of conviction.

We will vacate the sentence and remand for resentencing. In all other respects, we will affirm the judgment.

BACKGROUND

On July 7, 2021, defendant entered into a plea agreement in which she pleaded no contest to felony charges of vandalism (§ 594, subd. (b)(1)) and burglary (§ 459). She also admitted a violation of probation that had been granted after defendant was found guilty of illegal use of tear gas (§ 22810, subd. (g)(1)). Defendant also pleaded no contest to a number of misdemeanors.

The trial court explained that defendant was agreeing to a four-year four-month lid, and she would be referred to both the Behavioral Health Court and the Addicted Offender Program to see if she qualified. If she was not accepted or she failed those programs, she would return to the trial court for sentencing, at which time the four-year four-month lid would be considered.

Both programs considered defendant and rejected her. On January 13, 2022, defendant appeared for sentencing. The trial court imposed a four-year four-month sentence consisting of the following: the upper term of three years for illegal use of tear gas (§ 22810, subd. (g)), eight months (one-third the middle term) consecutive for vandalism (§ 594), and eight months (one-third the middle term) consecutive for burglary (§ 459). The trial court specified that defendant would serve three years in the county jail and be on supervised probation for one year four months.

Prior to the imposition of sentence, the trial court discussed its tentative decision, explaining that it would find as aggravating circumstances defendant's numerous and increasingly serious convictions, especially in recent years. It would also find that she

2

was on probation at the time the newest offense was committed. The trial court further noted that there appeared to be a connection between defendant's substance abuse and her criminality. Although it said it must give great weight to family trauma and other issues that contributed to her criminal history, it would find that her substance abuse was overshadowing the family trauma.

In response, defense counsel said section 1170, subdivision (b)(6) asks the trial court to consider with great weight several things that were contributing factors, and that there was evidence of abuse, childhood trauma, and sexual violence. In addition, defense counsel said defendant was a 23-year-old youth. Defense counsel asked the trial court to consider a lower custodial portion of the sentence.

The trial court said it had considered lesser sentences but concluded defendant needed time in custody to develop a plan to reenter society and sober up.

DISCUSSION

Defendant contends the trial court did not consider whether her youth was a contributing factor in her crimes, as required by section 1170, subdivision (b)(6). She also claims section 1170, subdivision (b)(2) and (3) require a sentencing court to impose the middle term unless facts supporting aggravating circumstances have been stipulated to by the defendant, found true beyond a reasonable doubt by a trier of fact, or established by a certified record of conviction.

The People counter that defendant forfeited her claims by failing to object in the trial court. Although defendant did not formally object, defense counsel did assert the issues in the trial court and gave the court and the People an opportunity to address the matters. In any event, we exercise our discretion to consider the merits. (See *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448, fn. 2; *People v. Losa* (2014) 232 Cal.App.4th 789, 792, fn. 4; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

Senate Bill 567, effective January 1, 2022, changed the requirements for using aggravating circumstances and altered sentencing discretion under section 1170. (Stats.

3

2021, ch. 731.)[2]  Among other things, Senate Bill 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction.  (§ 1170, subd. (b)(2), (3).)  Senate Bill 567 also creates a presumption in favor of the low prison term if defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense.  (§§ 1170, subd. (b)(6)(A) & (B), 1016.7, subd. (b).)

The parties agree, as do we, that the change in the law applies to defendant's nonfinal case, in which the trial court imposed sentence after the effective date of Senate Bill 567.  (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038-1039.)

The trial court noted it was required to give great weight to family trauma and other issues that have contributed to defendant's criminal history, but it did not expressly mention defendant's age, and it did not begin with a presumption of a lower term.  Under the circumstances, we will vacate defendant's sentence and remand for a full resentencing to give the trial court an opportunity to expressly consider defendant's youth and also, as appropriate, the possible application of subdivision (b)(2) and (b)(3).  (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on

_____

[2]  Three bills amending section 1170 became effective on the same date.  (Stats. 2021, ch. 695, § 5 (Assembly Bill No. 124 (2021-2022 Reg. Sess.)), eff. Jan. 1, 2022; Stats. 2021, ch. 719, § 2 (Assembly Bill No. 1540 (2021-2022 Reg. Sess.)), eff. Jan. 1, 2022; Stats. 2021, ch. 731, § 1.3 (Senate Bill No. 567), eff. Jan. 1, 2022.)  Senate Bill 567 --which takes precedence because it was enacted last (Gov. Code, § 9605) -- states that if all three bills amending section 1170 are enacted and become effective on or before January 1, 2022, and Senate Bill 567 is enacted last, then section 1.3 of that bill, which incorporates the amendments proposed by Senate Bill 567, Assembly Bill No. 124, and Assembly Bill No. 1540, shall become operative.  (Stats. 2021, ch. 731, § 3.)

review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

## DISPOSITION

The sentence is vacated and the matter remanded for resentencing consistent with the amended version of section 1170, subdivision (b).  In all other respects, the judgment is affirmed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
HOCH, J.


_____/S/_____
BOULWARE EURIE, J.