Filed 1/14/25  P. v. Barrios CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS RAMIREZ BARRIOS,<br><br>        Defendant and Appellant. | B336452<br><br>(Los Angeles County<br>Super. Ct. No. PA039681) |

        APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

        Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Carlos Ramirez Barrios was convicted in 2005 of the first degree murder of Charles Scott Dixon during a burglary. In 2022, he petitioned for resentencing under Penal Code section 1172.6.[1] The trial court denied Barrios's petition after finding, at an evidentiary hearing, that Barrios was a major participant in the underlying burglary who acted with reckless indifference to human life. Barrios appeals, arguing that the judicial factfinding violated his right to trial by jury under the Sixth Amendment, as well as his rights to equal protection and due process under the Fourteenth Amendment. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## A. *Underlying Conviction and Sentence*

Barrios and two accomplices robbed and killed Dixon in December 2000. Dixon was "a 64-year-old wheelchair-bound amputee who lived alone" and "had come into a lot of money from a civil suit that related to the injuries that led to his amputation." Dixon was found handcuffed and beaten to death. His injuries were consistent with 32 blunt force strikes with a "crowbar" or the "handle [of a] car jack."

In 2005, a jury convicted Barrios of first degree murder (§ 187, subd. (a); Count 1); first degree burglary (§ 459; Count 2); and first degree attempted robbery (§§ 211, 664; Count 3). The jury found true special circumstance allegations that Barrios committed the murder during the burglary and attempted robbery (§ 190.2, subd. (a)(17); as to Count 1) and that Dixon was

---

[1] All further statutory references are to the Penal Code.

paraplegic and Barrios knew of Dixon's disability (§ 667.9, subd. (a); as to all counts). The jury did not render any finding on an additional special circumstance allegation (as to all counts) that Barrios inflicted great bodily injury on Dixon. (§ 12022.7, subd. (a).)

Barrios was sentenced to life without the possibility of parole on the murder count. The trial court imposed but stayed a 10-year sentence on Counts 2 and 3.

This court affirmed the judgment against Barrios on direct appeal. (See *People v. Barrios* (Nov. 20, 2006, B183236) [nonpub. opn.].)

B.     *Section 1172.6 Proceedings*

On March 14, 2022, Barrios filed a petition for resentencing under former section 1170.95, now section 1172.6, alleging he was convicted of murder but "could not presently be convicted of murder . . . because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."[2] The court appointed counsel for Barrios and directed the People to file a response to Barrios's petition.

The People argued Barrios "acted with the intent to kill and/or that he was a major participant in the underlying felonies and acted with reckless indifference to human life." The People further argued the jury's true finding on the felony-murder special circumstance allegation, as well as the evidence at trial, established Barrios was ineligible for resentencing as a matter of law.

---

[2]     Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive change. (See Stats. 2022, ch. 58, § 10.)

On reply, Barrios argued that under *People v. Strong* (2022) 13 Cal.5th 698, the jury's felony-murder special circumstance finding did not make him ineligible for resentencing.

The court determined Barrios had established a prima facie case of eligibility for resentencing under section 1172.6, and it ordered an evidentiary hearing. The evidentiary hearing occurred on January 12, 2024.

After the hearing, the court ruled that the trial evidence established beyond a reasonable doubt that Barrios was a major participant in the underlying felonies who acted with reckless indifference to human life. The court found Barrios and his accomplices had "very carefully planned" the robbery: they carried duct tape and handcuffs, they wore dark clothing and gloves, Barrios brought a metal car jack, and an accomplice brought a crowbar. A witness saw Barrios enter the residence, then heard "a loud noise that sounded to him like a struggle" and "moaning." Barrios "later admitted that he only hit [Dixon] a few times." Witnesses saw Barrios leaving the scene with a duffel bag, a ski mask, and "a black sweater covering a long object." The crowbar brought by Barrios's accomplice was found at the scene of the murder without "any blood or anything on it." Concluding that this evidence disproved Barrios's claim that he could not be convicted of murder after the amendments made by Senate Bill No. 1437, the court denied Barrios's section 1172.6 resentencing petition.

Barrios timely appealed.

# DISCUSSION

Barrios argues the evidentiary hearing violated his Sixth Amendment right to a jury trial and his rights to due process and equal protection under the Fourteenth Amendment.

A. *Governing Law and Standard of Review*

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437, amending the felony-murder rule and eliminating the natural and probable consequences doctrine "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223.) "Senate Bill 1437 further created a procedure under former section 1170.95 [now section 1172.6] for persons convicted of felony murder or murder under a natural and probable consequences theory to petition for retroactive relief." (*Ibid.*; see *id.* at p. 223, fn. 3.)

Section 1172.6 resentencing "'begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that "[t]he petitioner could not presently be convicted of murder or attempted murder"'" because of the changes made by Senate Bill No. 1437. (*People v. Curiel* (2023) 15 Cal.5th 433, 450 (*Curiel*); see § 1172.6, subd. (b)(1)(A).) "'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief."'" (*Curiel*, at p. 450; see § 1172.6, subd. (c).) If "the defendant has

5

made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause"'" and "'shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts.'" (*Curiel*, at p. 450; see § 1172.6, subds. (c), (d)(1).) At the hearing, "'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended [by Senate Bill No. 1437].'" (*Curiel*, at p. 450, quoting § 1172.6, subd. (d)(3).)

We review Barrios's constitutional claims de novo. (See *People v. Robinson* (2024) 106 Cal.App.5th 854, 865 [considering "the applicability of constitutional rights" in resentencing proceedings de novo]; accord, *People v. Frazier* (2020) 55 Cal.App.5th 858, 864.)

B.    *The Sixth Amendment Does Not Apply to Section 1172.6 Postconviction Proceedings*

The Sixth Amendment to the federal Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." (U.S. Const., 6th Amend.) This right "entitle[s] a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'" (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 477 (*Apprendi*).)

As an initial matter, Barrios did not raise a Sixth Amendment objection to the evidentiary hearing in the trial court, and thus his claim is forfeited. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been

6

but was not made in the trial court"]; but see *In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7 [appellate court may review forfeited claim "involv[ing] an important issue of constitutional law or a substantial right"].)

Even addressing Barrios's Sixth Amendment argument on its merits, the law does not support his argument. The United States Supreme Court and the California Supreme Court have both held that "the Sixth Amendment right to have essential facts found by a jury" does not apply to post-conviction sentence modification proceedings created by a legislative "act of lenity." (*Dillon v. United States* (2010) 560 U.S. 817, 828 (*Dillon*); accord, *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064 (*Perez*).) Accordingly, as Barrios acknowledges, every Court of Appeal to consider the issue has concluded the Sixth Amendment does not provide a right to a jury trial in resentencing proceedings under section 1172.6. (See *People v. Schell* (2022) 84 Cal.App.5th 437, 444; *People v. Silva* (2021) 72 Cal.App.5th 505, 520 (*Silva*); *People v. Farfan* (2021) 71 Cal.App.5th 942, 948; *People v. James* (2021) 63 Cal.App.5th 604, 608-609 (*James*); *People v. Howard* (2020) 50 Cal.App.5th 727, 740 (*Howard*); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 (*Anthony*).)

Barrios seeks to distinguish *Dillon* and *Perez*. He argues the resentencing schemes at issue in those cases involved exercise of judicial sentencing discretion, but Senate Bill No. 1437 entails "a fact finding mission to determine the defendant's underlying *legal culpability*." For this reason, he contends Senate Bill No. 1437 was not an "act of 'legislative lenity'" and section 1172.6 is not a "'collateral sentencing proceeding[]'" within the meaning of *Dillon* and *Perez*.

7

Barrios's argument is unpersuasive. Barrios was "properly convicted of . . . murder under the law that was in effect at the time of his offense." (*James*, *supra*, 63 Cal.App.5th at p. 609.) While Senate Bill No. 1437 amended the law of murder after Barrios's conviction in 2005, Barrios was not constitutionally entitled to the application of these amendments to his final conviction. (See *Dillon*, *supra*, 560 U.S. at p. 828 ["no constitutional requirement of retroactivity . . . entitles defendants . . . to the benefit of subsequent [legal] amendments"]; *Perez*, *supra*, 4 Cal.5th at pp. 1063-1064; *People v. Morales* (2016) 63 Cal.4th 399, 408-409 (*Morales*).) For this reason, the retroactive application of Senate Bill No. 1437's amendments to Barrios's case through section 1172.6 constitutes "'an act of lenity.'" (*James*, at p. 609; see *Anthony*, *supra*, 32 Cal.App.5th at p. 1157 ["retroactive application of the benefits from [a] proposition [is] a legislative act of lenity"].) The fact that section 1172.6 proceedings can reduce the underlying conviction through judicial factfinding, instead of modifying the sentence through judicial discretion, does not change this analysis. (See *Perez*, at pp. 1063-1064 [concluding resentencing scheme under Proposition 36 was an "act of lenity" to which the Sixth Amendment did not apply, although it was "different in various ways from the sentence modification scheme at issue in *Dillon*"].)

Barrios also relies on *Apprendi*, *supra*, 530 U.S. 466. As relevant here, *Apprendi* held the Sixth Amendment requires a jury to find, beyond a reasonable doubt, all "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" (*Apprendi*, at p. 490.) Section 1172.6 resentencing proceedings, however, cannot result in an increased penalty. (See § 1172.6, subd. (d)(1) [court shall "recall the sentence and

resentence the petitioner . . . provided that the new sentence, if any, is not greater than the initial sentence"].)  Judicial factfinding under section 1172.6, whether or not it results in resentencing, can only reduce or preserve a defendant's original sentence.  (See *Perez*, *supra*, 4 Cal.5th at p. 1064 [Sixth Amendment does not apply where "a factual finding that results in resentencing ineligibility . . . simply leaves the original sentence intact"].)  For this reason, *Apprendi* does not apply to section 1172.6 resentencing proceedings.  (See *James*, *supra*, 63 Cal.App.5th at p. 611 ["*Apprendi* does not apply because the [section 1172.6] procedure is designed solely to permit the reduction of a defendant's punishment"]; accord, *Silva*, *supra*, 72 Cal.App.5th at p. 520; *Howard*, *supra*, 50 Cal.App.5th at p. 740.)

C.    *Section 1172.6's Evidentiary Hearing Procedure Does Not Violate the Fourteenth Amendment*

Barrios further argues that equal protection and due process principles require that section 1172.6 resentencing proceedings adopt the same "rules and procedures" used in criminal trials, including the right to a jury trial.  Barrios forfeited this argument because he did not raise it in the superior court.  (See *In re S.B.*, *supra*, 32 Cal.4th at p. 1293.)  Even considering the argument on the merits, it is foreclosed by precedent.

Judicial factfinding at a section 1172.6 evidentiary hearing does not violate the equal protection clause.  The Fourteenth Amendment, section 1, prohibits the denial of the equal protection of the laws.  (U.S. Const., 14th Amend., § 1.)  "The concept of equal protection recognizes that persons who are

9

similarly situated with respect to a law's legitimate purposes must be treated equally." (*People v. Brown* (2012) 54 Cal.4th 314, 328.)

Petitioners for section 1172.6 resentencing, who have already been convicted and sentenced, are not similarly situated to defendants facing pending criminal charges. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305-1306 [resentencing petitioner was not similarly situated to defendants facing involuntary commitment charges, and thus equal protection did not require factual findings to be "made beyond a reasonable doubt by a unanimous jury"]; see also *People v. Wilson* (2020) 53 Cal.App.5th 42, 54 [section 1172.6 petitioner was not similarly situated to defendants at original sentencing]; *People v. Thurston* (2016) 244 Cal.App.4th 644, 659 [same, for resentencing petitioner under Three Strikes Reform Act]; *People v. Losa* (2014) 232 Cal.App.4th 789, 792-793 [same].) As the California Supreme Court has explained, "Equal protection of the laws does not mean a person can claim the benefits of an ameliorative change in the law [through resentencing] but refuse to accept the price." (*Morales, supra*, 63 Cal.4th at p. 409.)

The evidentiary hearing provisions under section 1172.6 also do not violate due process. *Apprendi* held that constitutional due process requires a jury to find all facts increasing the punishment for an offense beyond a reasonable doubt, including elements of the offense and aggravating sentencing factors. (See *Apprendi, supra*, 530 U.S. at pp. 476, 488.) But "a resentencing proceeding under [section 1172.6] does not require all the same due process protections of a criminal trial." (*Silva, supra*, 72 Cal.App.5th at p. 522.) As stated, *Apprendi* does not apply to section 1172.6 resentencing proceedings, which the Legislature

10

created to reduce existing punishment.  (See *Silva*, at p. 520; *James*, *supra*, 63 Cal.App.5th at p. 611; *Howard*, *supra*, 50 Cal.App.5th at p. 740.)  We therefore conclude that due process was not violated by the judicial factfinding at Barrios's evidentiary hearing.

## DISPOSITION

The order denying the resentencing petition is affirmed.


MARTINEZ, P. J.

We concur:



SEGAL, J.



FEUER, J.

11